**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD A. CERRONE, ) <br>               Plaintiff, ) <br> vs. ) <br> MICHAEL J. ASTRUE, ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br>               Defendant. ) | Case No. 2:12-cv-01362-JCM-CWH <br><br> **FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1), filed on September 5, 2012.

**I.     *In Forma Pauperis* Application**

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes an affidavit that he is unable to pay such costs or give security therefore." 28 U.S.C. § 1915(a).

Plaintiff has submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security for them. In Plaintiff's Application to Proceed *In Forma Pauperis*, he indicates that receives wages of $140.00 per week (approximately $560.00 a month) and $1,249.00 a month in Social Security. From Plaintiff's application it appears he has no dependents and has $1,000 in cash, checking, or savings. Plaintiff indicates that his monthly expenses include $900 for rent, $350 for car insurance, $250 for utilities, and $150 for food. As a result, his monthly income of $1,809 exceeds his identified monthly expenses of $1,650. Given the foregoing, it does not appear that Plaintiff has satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and that he is able to pay the costs of commencing this action. *See Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00

judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year)**;** *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week).

Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B). *See cf.*, *Bardes v. Magera*, 2008 WL 2627134 *10 (D.S.C. 2008) (finding that it is error to screen a non-prisoner pro se plaintiff's complaint when the plaintiff pays the filing fee). Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) be **DENIED** and Plaintiff should be required to pay the filing fee of $350.00 within thirty days. Failure to comply will result in the Court recommending dismissal of this action

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 7th day of September, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge